IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN B. CORBIN,      :   |   |
|     Plaintiff,      : |   |
| : |   |
| v.      : | CIVIL ACTION NO. 22-CV-3406 |
| : |   |
| GREGORY HACKLAR, *et al.*,    : |   |
|     Defendants.     : |   |

## ORDER

AND NOW, this 20th day of December, 2022, upon consideration of Ian B. Corbin's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Ian B. Corbin, #QP2945, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of SCI Smithfield or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Corbin's inmate account; or (b) the average monthly balance in Corbin's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Corbin's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Corbin's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the

Warden of SCI Smithfield.

4. The Complaint (ECF No. 2) is **DEEMED** filed.

5. All claims against the Commonwealth of Pennsylvania, PennDOT, Northampton County, and individual Defendants Murray, Dantos, and Thompson are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants as parties on the docket.

6. Corbin's official capacity claims and his claims asserting violations of the Thirteenth Amendment, 42 U.S.C. §§ 1981, 1987, 1988, and 1994, and federal and state criminal statutes are also **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. Corbin's 42 U.S.C. § 1983 claims against Defendants DiLuzio and Light are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8. All further proceeding are **STAYED** until Corbin informs this Court that his related appellate proceedings have been finally resolved.

9. If he seeks to pursue his claims, Corbin must notify this Court **within thirty (30) days of the final resolution of his related appellate proceedings** that (a) the proceedings have been resolved; (b) how the proceedings resolved; and (c) whether he still intends to pursue the claims in the instant case.  Failure to comply with this Order may result in dismissal of this case.

10. The Clerk of Court is **DIRECTED NOT TO ISSUE SUMMONSES** at this time.

11. The time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 90 days following the issuance of summonses by the Clerk of Court upon further order of the Court.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**